Fto underIN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| IN RE: ANGEL L. ALVARADO, N.Y. I.D. #93A8360, | ) ) ) | CIV. NO. 14-00394 SOM/RLP |
| Plaintiff/Petitioner, | ) ) ) ) ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| _____ | ) | |

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Before the court is *pro se* Plaintiff Angel L. Alvarado's pleading. Plaintiff is incarcerated at the Green Haven Correctional Facility, located in Stormville, New York. Plaintiff names no defendants, alleges no discernible claims, asserts no basis for this court's jurisdiction or venue, and sets forth no demand for relief. He has also failed to submit the civil filing fee or seek *in forma pauperis* status. *See* Order, Doc. No. 3. Plaintiff's Complaint is DISMISSED with leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1), for failure to state a claim or comply with Rule 8 of the Federal Rules of Civil Procedure.

**I. STATUTORY SCREENING**

Federal courts must screen all cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity or seek to proceed without prepayment of the civil filing fees. *See* 28 U.S.C. §§ 1915(b)(2) and 1915(A)(a). The court must identify cognizable claims, and dismiss claims that are frivolous, malicious, fail to state a

claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at §§ 1915(b)(2) and 1915A(b).

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Leave to amend should be granted if it appears at all possible that the plaintiff can correct the complaint's defects. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## II. **DISCUSSION**

To state a claim under Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement" showing the court's jurisdiction, showing the pleader is entitled to relief, and setting forth a demand for relief. Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Id.* At

a minimum, a plaintiff must detail what his claims are, when they occurred, and who is allegedly responsible.

Although neatly written, Plaintiff's Complaint is entirely incoherent. Plaintiff refers to "vested interests," due process, jurisdiction, and "Instruction(s) before the United States District Court, District of Hawaii," but his pleading is simply a string of words and sentences with no connection or rational meaning. There are no explanatory details enabling the court to understand what Plaintiff's claims are or who allegedly wronged him, when the alleged violations occurred, why he asserts jurisdiction and venue in this district, or what relief he seeks. Because Plaintiff fails to allege sufficient facts to allow the court to understand his allegations or the circumstances surrounding his claims, his pleading is DISMISSED with leave to amend to correct its deficiencies.

### III. **LEAVE TO AMEND**

The Complaint is DISMISSED. Plaintiff may file an amended complaint on or before October 29, 2014. The amended complaint must cure the deficiencies noted above and demonstrate how the conditions complained of resulted in a deprivation of Plaintiff's federal constitutional or statutory rights. Defendants must be identified in some manner, and each claim and the involvement of each defendant must be sufficiently alleged.

If Plaintiff amends his Complaint, he must explain who is allegedly liable to him, what these individuals did that violated his rights, what those rights are, when and where the actions he sues over occurred, why venue is proper in the District of Hawaii, what basis for federal jurisdiction exists, and what relief he seeks. Plaintiff must advise the court whether he is complaining about the conditions of his confinement (that is, bringing a claim under 42 U.S.C. § 1983 that some defendant violated his constitutional rights while in prison), or whether he is challenging his conviction or sentence under 28 U.S.C. § 2254. These types of claims are subject to different standards of review and must be asserted in separate actions.

## IV. 28 U.S.C. § 1915(g)

If Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, this dismissal may later count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) (holding "dismissals following the repeated violation of Rule 8(a)'s 'short and plain statement' requirement, following leave to amend, are dismissals for failure to state a claim under § 1915(g)" (emphasis in original)); *see also Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011) (finding that, after an incomprehensible complaint is dismissed under Rule 8 and the plaintiff is given, but fails to take advantage of,

leave to amend, "the judge [is] left with [ ] a complaint that, being irremediably unintelligible, [gives] rise to an inference that the plaintiff could not state a claim"(cited with approval in *Knapp*, 738 F.3d at 1110)).

If Plaintiff fails to comply with this Order, the court may, without further notice, dismiss this action for his failure to state a claim. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).

### V. CONCLUSION

(1) The Complaint is DISMISSED for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1).

(2) Plaintiff is GRANTED leave to file an amended complaint curing the deficiencies noted above on or before October 29, 2014. Failure to timely amend the Complaint and cure its pleading deficiencies will result in dismissal of this action for failure to state a claim.

(3) The Clerk is directed to mail Plaintiff court forms for a prisoner civil rights complaint and habeas petition so that he can comply with the directions in this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 29, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

In RE: *Alvarado*, 1:14-cv-00394 SOM/RLP; scrg 2014; J:\Denise's Draft Orders\SOM\Alvarado 14-394 som (ftsc friv dsm lv amd).wpd