IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN RE: ANGEL L. ALVARADO, N.Y. I.D. #93A8360,     Plaintiff/Petitioner, _____ | ) ) ) ) ) ) ) )   CIV. NO. 14-00394 SOM/RLP ORDER DISMISSING AMENDED COMPLAINT AND DENYING IN FORMA PAUPERIS REQUEST |

## **ORDER DISMISSING AMENDED COMPLAINT AND DENYING IN FORMA PAUPERIS REQUEST**

Before the court is *pro se* Plaintiff Angel L. Alvarado's amended pleading and *in forma pauperis* request. Doc. Nos. 6, 7. Plaintiff is a New York state prisoner incarcerated at the Green Haven Correctional Facility, located in Stormville, New York. For the following reasons, Plaintiff's amended Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1) and his *in forma pauperis* request is DENIED.

### **I. BACKGROUND**

Plaintiff commenced this action on September 3, 2014, by submitting a nearly incomprehensible pleading that was liberally construed as a prisoner civil rights complaint. *See* Doc. No. 1. He did not submit an *in forma pauperis* application or payment. Upon receipt of Plaintiff's pleading, the court automatically issued two documents. *See* Doc. Nos. 2, 3. The first was a notice informing Plaintiff that (1) the court does not hold scheduling conferences in pro se prisoner cases, (2)

scheduling dates are set after the complaint is served, and (3) the court would assess the status of his case on December 8, 2014. *See* Doc. No. 2.

The second document was a Deficiency Order, explaining that Plaintiff must pay the civil filing fee or submit an *in forma pauperis* application within thirty days of the date of the Order, on or about October 3, 2014. Doc. No. 3. A court-approved *in forma pauperis* application for prisoners was included with this Order.

On September 29, 2014, the court screened and dismissed Plaintiff's Complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1). *See* Doc. No. 5. Plaintiff was granted leave to amend on or before October 29, 2014, to cure the Complaint's deficiencies. *Id.* The court sent Plaintiff a court-approved prisoner civil rights complaint and form petition for writ of habeas corpus to enable him to amend his pleading.

On October 10, 2014, Plaintiff submitted a request to proceed *in forma pauperis*, Doc. No. 7, and an amended pleading, Doc. No. 6. Neither document was submitted on the District of Hawaii's forms. Although Plaintiff dated both documents as signed on October 15, 2014, they were mailed from New York on October 7, and received on October 10, 2014.

## II. STATUTORY SCREENING

Federal courts must screen all cases in which prisoners seek redress from a governmental entity, officer, or employee or seek to proceed without prepayment of the civil filing fees. *See* 28 U.S.C. §§ 1915(b)(2) and 1915(A)(a). The court must identify cognizable claims, and dismiss claims that are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant who is immune from such relief. *Id.* at §§ 1915(b)(2) and 1915A(b). A complaint is "frivolous" if it has no basis in law or fact. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). A complaint fails to state a claim on which relief may be granted if it is not "plausible" or does not "plead a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Leave to amend should be granted if it is possible the plaintiff can correct the complaint's defects. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### III. DISCUSSION

**A. Plaintiff's Response to the Deficiency and Dismissal Orders**

Plaintiff argues that he is excused from the deadlines set forth in the September 3, 2014, Deficiency Order (requiring payment or a completed *in forma pauperis* application on or before October 3, 2014), and the September 29, 2014, Dismissal Order (requiring a cognizable amended pleading on or before October 29, 2014), because the automatic case notice stated the court will assess the status of his case on December 8, 2014. *See* Doc. No. 6, PageID #20. Plaintiff is mistaken. The case status notice is simply a reminder for the court to monitor Bankruptcy and Social Security Appeals, and prisoner pro se cases. It is not an order of the court, has no bearing on orders issued in a case, and provides no basis for litigants to seek relief or claim they are not subject to the court's deadlines.

**B. Plaintiff's Amended Complaint is Dismissed**

To state a claim under Rule 8 of the Federal Rules of Civil Procedure, a pleading must "simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A complaint "must set forth sufficient factual

4

matter accepted as true, to 'state a claim that is plausible on its face.'" *Id.* At a minimum, a plaintiff must detail what his claims are, when they occurred, and who is allegedly responsible.

Although Plaintiff's amended Complaint now asserts jurisdiction under 42 U.S.C. § 1983, it still names no defendants, alleges no discernible claims, asserts no basis for venue in the District of Hawaii, and sets forth no demand for relief. As with his original Complaint, Plaintiff's amended pleading is just a string of words and conclusory sentences with no connection or rational meaning.

For example, Plaintiff claims "[t]hat Certain Public Authority is a college initiative title - before the State of Hawaii." Doc. No. 6, PageID #19. This is the first reference to Hawaii in Plaintiff's original or amended pleadings. Plaintiff then states, "that in keeping a firearm under a vested equal authority wherein a file #2014-PL-6469 is for wherein He/She maybe prosecuted in a Court of the United States for permitting and/or licensing while in a commission across States that the records being archived for academic discipline, retrieval(s) and the defense of the country are constitutional grounds for proceedings for keeping an arm in the state of Hawaii." Doc. No. 6-1, PageID #21.

These incoherent statements fail to state *any* cause of action and are again insufficient for the court to infer that

matter accepted as true, to 'state a claim that is plausible on its face.'" *Id.* At a minimum, a plaintiff must detail what his claims are, when they occurred, and who is allegedly responsible.

Although Plaintiff's amended Complaint now asserts jurisdiction under 42 U.S.C. § 1983, it still names no defendants, alleges no discernible claims, asserts no basis for venue in the District of Hawaii, and sets forth no demand for relief. As with his original Complaint, Plaintiff's amended pleading is just a string of words and conclusory sentences with no connection or rational meaning.

For example, Plaintiff claims "[t]hat Certain Public Authority is a college initiative title - before the State of Hawaii." Doc. No. 6, PageID #19. This is the first reference to Hawaii in Plaintiff's original or amended pleadings. Plaintiff then states, "that in keeping a firearm under a vested equal authority wherein a file #2014-PL-6469 is for wherein He/She maybe prosecuted in a Court of the United States for permitting and/or licensing while in a commission across States that the records being archived for academic discipline, retrieval(s) and the defense of the country are constitutional grounds for proceedings for keeping an arm in the state of Hawaii." Doc. No. 6-1, PageID #21.

These incoherent statements fail to state *any* cause of action and are again insufficient for the court to infer that

Plaintiff has suffered a constitutional wrong that is redressable in Hawaii.  Moreover, publicly available records reveal that Plaintiff has been incarcerated at the Green Haven Correctional Facility since on or about November 5, 1993.[1]  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

Common sense does not support a finding that a prisoner who has been incarcerated in New York for more than thirty years can state a cognizable claim for the violation of his civil rights against unnamed defendants in Hawaii.  As such, Plaintiff again fails to state a claim under Rule 8 of the Federal Rules of Civil Procedure.

Additionally, a claim is frivolous if it is premised on an indisputably meritless legal theory or is clearly lacking any factual basis.  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Sections 1915A and 1915(e)(2) allow judges the power to

---

[1] The New York Department of Corrections and Community Supervision's public records show that Angel L. Alvarado, N.Y. I.D. #93-A-8360, was committed at Green Haven on November 5, 1993, for a maximum term of thirty years.  *See* http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ1/WINQ000 (last visited Oct. 14, 2014).

"pierce the veil" of a complaint's factual allegations and dismiss as frivolous those claims whose factual contentions are clearly baseless. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992). When doing so, a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of a plaintiff's allegations. *See id.* A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. *See id.* at 32–33. Plaintiff's allegations, when viewed in the light of his incarceration in New York for the past three decades, appear wholly incredible. Plaintiff's amended complaint is also DISMISSED as frivolous.

**D. Plaintiff's *In Forma Pauperis* Application is DENIED**

Plaintiff's *in forma pauperis* request is insufficient. First, it is not on court-approved forms, although Plaintiff was sent an application with the September 3, 2014, Deficiency Order. Second, it lacks a certified prison trust account statement showing the withdrawals and deposits to his account over the previous six months. Third, Plaintiff's request lacks a signed release for withdrawal of funds from his account. *See* Local Rule LR99.7.10; 28 U.S.C. § 1915(a)(1) and (2). Plaintiff's *in forma pauperis* application is DENIED.

### III. LEAVE TO AMEND

The amended Complaint is DISMISSED. Plaintiff may file an amended complaint on or before **October 31, 2014.** The amended complaint must cure the deficiencies noted above and demonstrate how the conditions complained of resulted in a deprivation of Plaintiff's federal constitutional or statutory rights. Defendants must be identified in some manner, and each claim and the involvement of each defendant must be sufficiently alleged.

If Plaintiff amends his Complaint, he must explain who is allegedly liable to him, what these individuals did that violated his rights, what those rights are, when and where the actions he sues over occurred, why venue is proper in the District of Hawaii, what basis for federal jurisdiction exists, and what relief he seeks. Plaintiff must advise the court whether he is complaining about the conditions of his confinement (that is, bringing a claim under 42 U.S.C. § 1983 that some defendant violated his constitutional rights while in prison), or whether he is challenging his conviction or sentence under 28 U.S.C. § 2254. These types of claims are subject to different standards of review and must be asserted in separate actions.

### IV. 28 U.S.C. § 1915(g)

If Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, this dismissal may later count as a "strike" under the "3-strikes"

provision of 28 U.S.C. § 1915(g). *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) (holding "dismissals following the repeated violation of Rule 8(a)'s 'short and plain statement' requirement, following leave to amend, are dismissals for failure to state a claim under § 1915(g)" (emphasis in original)); *see also Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011) (finding that, after an incomprehensible complaint is dismissed under Rule 8 and the plaintiff is given, but fails to take advantage of, leave to amend, "the judge [is] left with [ ] a complaint that, being irremediably unintelligible, [gives] rise to an inference that the plaintiff could not state a claim"(cited with approval in *Knapp*, 738 F.3d at 1110)).

If Plaintiff fails to comply with this Order, the court may, without further notice, dismiss this action for his failure to state a claim. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).

## V. <u>CONCLUSION</u>

(1) The amended Complaint is DISMISSED as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1).

(2) Plaintiff is GRANTED leave to file an amended complaint curing the deficiencies noted above on or before **October 31, 2014.** Failure to timely amend the Complaint and cure its

pleading deficiencies will result in dismissal of this action for failure to state a claim.

(3) Plaintiff's *in forma pauperis* request is DENIED.

(4) The Clerk is directed to mail Plaintiff court forms for a prisoner civil rights complaint, a habeas petition, and an in forma pauperis application so that he can comply with the directions in this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 16, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*In RE: Alvarado*, 1:14-cv-00394 SOM/RLP; scrg 2014; Alvarado 14-394 som (still ftsc friv dsm no amd dny IFP)  J:\PSA Draft Ords\SOM\Alvarado 14-394 FAC som (still ftsc friv dsm no amd dny IFP).wpd