IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| IN RE: ANGEL L. ALVARADO, N.Y. I.D. #93A8360, | ) ) ) | CIV. NO. 14-00394 SOM/RLP |
| Plaintiff/Petitioner, | ) ) ) ) ) ) | DISMISSAL ORDER PURSUANT TO 28 U.S.C. §§ 1915(e)(2), 1915(A)(b)(1) |

**DISMISSAL ORDER PURSUANT TO 28 U.S.C. §§ 1915(e)(2),1915(A)(b)(1)**

Before the court is *pro se* Plaintiff Angel L. Alvarado's second amended pleading. Doc. No. 9. Plaintiff is a New York state prisoner incarcerated at the Green Haven Correctional Facility, located in Stormville, New York.[1] This action is DISMISSED with prejudice as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1).

## I. BACKGROUND

Plaintiff commenced this action on September 3, 2014, by submitting a nearly incomprehensible pleading that was liberally construed as a prisoner civil rights complaint. *See* Doc. No. 1. On September 29, 2014, the court screened and dismissed Plaintiff's Complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1), with leave

---

[1] The New York Department of Corrections and Community Supervision's public records show that Angel L. Alvarado, N.Y. I.D. #93-A-8360, was committed at Green Haven on November 5, 1993, for a maximum term of thirty years. *See* http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ1/WINQ000 (last visited Oct. 14, 2014).

to amend. Doc. No. 5. The court explained the deficiencies in the Complaint and sent Plaintiff a blank prisoner civil rights complaint form, blank petition for writ of habeas corpus form, and an in forma pauperis application to enable him to amend his pleading.

On October 10, 2014, Plaintiff submitted a barely coherent pleading that the court construed as his first amended Complaint. *See* Doc. No. 6. Plaintiff also submitted an in forma pauperis application. *Id.* Neither was on a District of Hawaii form. Plaintiff's in forma pauperis application was denied as incomplete. *See* Doc. No. 8 at PageID #32. Plaintiff's first amended Complaint was dismissed for failure to state a claim on October 16, 2014, with leave to amend by October 31, 2014. *Id.* The Clerk of Court again sent Plaintiff blank forms.

On October 31, 2014, Plaintiff submitted a second amended Complaint. Doc. No. 9. Plaintiff appears to be trying to address the court's two earlier deficiency orders, but this pleading is no more comprehensible than the first two. In its entirety, it states:

>Civil 14-00394 - Som-Rlp
>Deficiencies, Orders and
>applications
>
>Dear:  Chief, U.S. District
>Judge,
>    Susan Mollway,
>
>Subject: Equal authority in granting
>procedural vesting applications and orders to

> promote constitutional equal protections of
> the law across state(s)
>
> Constitutional grounds on proceedings
>
> (1) That an entreaty on Legislative
> Authorities Committee(s)vested be
> procedurally accepted and ordered under a
> deficiency order,
>
> (2) So that a legitimate interest is that in
> keeping a fire-arm under a vested equal
> authority wherein a file#2014-PL-6469 is for
> wherein He/She maybe prosecuted in a Court of
> the United States for permitting and/or
> licensing - while in a commission across
> State(s) that the records - being archived
> for academic discipline, retrieval(s) and the
> defense of the country are constitutional
> grounds on proceedings for keeping an arm in
> the state of Hawaii,
>
> (3) That as a Public member herein an
> advocacy strategy to - promote a systemic
> improvement is being practiced for a - right
> of the people to keep and bear arms under
> equal - protection of the laws on both states
> and the vested[.]
>
> May the court deem this appropriate before
> the honors,
>
> Executive Clemencies/Discretionary Authority,
>
> [signed and dated]

*Id.* Plaintiff did not submit an in forma pauperis application or pay the civil filing fee.

## II. **STATUTORY SCREENING**

Federal courts must screen all cases in which prisoners seek redress from governmental entities, officers, or employees or seek to proceed without prepayment of civil filing fees. *See*

3

28 U.S.C. §§ 1915(b)(2) and 1915(A)(a). The court must identify cognizable claims, and dismiss claims that are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from defendants who are immune from such relief. *Id.* A complaint is "frivolous" if it has no basis in law or fact. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). A complaint fails to state a claim if it does not "plead a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

*Pro se* complaints must be construed liberally, with all allegations of material fact accepted as true and construed in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Leave to amend should be granted if it is possible the plaintiff can correct the complaint's defects. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### III. DISCUSSION

To state a claim, a pleading must "simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *see also* Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

4

A complaint "must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Id.* At a minimum, a plaintiff must detail what his claims are, when they occurred, and who is allegedly responsible.

Plaintiff's second amended Complaint fails to name any defendants, alleges no discernible claims, asserts no basis for venue in the District of Hawaii, and sets forth no demand for relief. As with his original and first amended Complaints, this pleading is again simply a string of words and conclusory sentences with no connection or rational meaning. Plaintiff fails to state *any* cause of action, and his incoherent statements are insufficient for the court to infer that Plaintiff has suffered a constitutional wrong that is redressable in Hawaii. Plaintiff has been incarcerated at the Green Haven Correctional Facility since on or about November 5, 1993. Common sense does not support a finding that unnamed defendants in Hawaii violated Plaintiff's civil rights (possibly under the Second Amendment), while he has been incarcerated in New York for the past thirty years.

Moreover, claims lacking any factual basis are frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Sections 1915A and 1915(e)(2) allow judges to "pierce the veil" of a complaint's factual allegations and dismiss as frivolous those claims whose factual contentions are clearly baseless. *See*

*Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  When doing so, the court is not bound to accept without question the truth of a plaintiff's allegations.  *See id.*  A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.  *See id.* at 32–33.  Plaintiff's allegations, when viewed in the light of his incarceration in New York for the past three decades, are incredible.

As the Ninth Circuit has stated, "[w]hen a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply cannot state a claim."  *Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013), *citing Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011) (stating that if a plaintiff is given, but fails, to take advantage of leave to amend, "the judge [is] left with [ ] a complaint that, being irremediably unintelligible, [gives] rise to an inference that the plaintiff could not state a claim").  Plaintiff's second amended Complaint, Doc. No. 9, is DISMISSED as frivolous and for failure to state a claim.  Amendment appears futile, and this dismissal is with prejudice.

## IV. 28 U.S.C. § 1915(g)

Plaintiff is notified that this dismissal may later count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). *See Knapp*, 738 F.3d at 1108-09 (holding "dismissals following the repeated violation of Rule 8(a)'s 'short and plain statement' requirement, following leave to amend, are dismissals for failure to state a claim under § 1915(g)").

## V. CONCLUSION

(1)  The second amended Complaint and this action are DISMISSED as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1). This dismissal is with prejudice and without further leave to amend.

(2)  The Clerk is DIRECTED to note on the docket that this action was terminated pursuant to 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1), and to enter judgment.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 7, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*In RE: Alvarado*, 1:14-cv-00394 SOM/RLP; scrg 2014; Alvarado 14-394 som (dsm SAC and action ftsc and friv)  J:\PSA Draft Ords\SOM\Alvarado 14-394 SAC som (SAC & action dsm ftsc friv no amd dny IFP).wpd